PACIFIC THRIFT & LOAN, Plaintiff

v.

KT & T, a corporation, FRANCISCO T. TORRE
and FRED A. TORRES, Defendants

Civil No. 766-78
Superior of Court Guam
May 5, 1980

- - - - -

BENSON, Judge

## MEMORANDUM OF DECISION

This matter was tried before the court, sitting without a jury, on April 1, 9 and 10, 1980.  All parties appeared by counsel, and the individual defendants in person.

The action is on two promissory notes and on the chattel mortgage securing payment of one of the notes.  No issue is presented as to the balance owed, consideration, or genuineness of the makers' and endorsers' signatures.  There were two issues to be resolved at the trial:

(1)  After the plaintiff repossessed the security, was it sold for a reasonable price?

(2)  George Tamura was an executive of the plaintiff and at the same time, according to the defendants, served as a director and as secretary-treasurer of the defendant

corporation. The defendants allege a breach of the fiduciary obligation of Mr. Tamura to the defendant corporation which justifies relieving the individual defendants from any obligation under the notes. Pre-trial Order, p. 2.

Extensive evidence concerning the condition of the security and the circumstances of the sales was presented. I find that the proceeds received from the sale of the security constituted reasonable value.

In closing argument the attorney for the individual defendants stated tha second issue in words such as these: that George Tamura was an experienced banker, and alone of the three investors (Tamura and the individual defendants) had the ability to manage the financial aspects of the corporation; that great trust was placed in him by the others; and the the fiduciary relation thus created required that he make full disclosure to them of the nature of their obligation on the notes, specifically that they were liable as individuals thereon. The defendants' counsel then stated that it was not shown that such disclosure had been made.

In this case there is no evidence at all that Mr. Tamura made any misrepresentation to the defendants, coerced them to sign, concealed any matter or profited from the transactions. When the defendant corporation became insolvent I infer that his $7,000 investment was lost. It was well known to the individual defendants that Mr. Tamura was the chief executive officer of the plaintiff -- its general manager.

The first note that is the subject of this suit is dated May 7, 1974 and is in the principal amount of $60,500. It is secured by a chattel mortgage. This note is Exhibit "1" in evidence, and Exhibit "C" of the complaint. It refinances three delinquent notes. Exhibits "H" and "I" are two of the notes. Francisco T. Torre is the maker of the notes. Exhibit "32" shows that Francisco T. Torre and Fred A. Torres were the makers of the third note. Exhibit "2" shows that many interest payments were made on this note for $60,500.

The second note involved in this action is also dated May 7, 1974, and is in the principal amount of $40,000. This note is Exhibit "3" in evidence, and Exhibit "A" of the complaint. It refinances four delinquent notes and secures an additional loan of $23,500 which was disbursed by check to the defendant corporation. Exhibits "12" and "13" show that Francisco T. Torre was the maker of two of the notes and received a check for the loan proceeds. Exhibit "11" shows that Francisco T. Torre and Fred A. Torres were the makers. Exhibit "4" shows

38

that many interest payments were made on this note for $40,000.

The proceeds of these individual loans were apparently deposited to the corporation account. No issue of the application of the funds is before the court.

The second issue, whether as stated in the pretrial order or in the closing argument of the defendants, must be resolved against the defendants and in favor of the plaintiff.

I do not believe that the defendants thought that the earlier notes (which were refinanced) were signed by them other than as individuals. Two are in evidence and show that the borrower signed under the words "I do not desire disability and/or credit life insurance," as well as "mortgagee" at the bottom of the form. I infer the other notes were similar.

As to the fact question of whether Mr. Tamura made "full disclosure" to the individual defendants of their liability under Exhibits "1" and "3", I do not find, that because of conflicting testimony, that Mr. Tamura explicitly told them as endorsers they would be individually liable for the payments of the notes in the event that the corporation defaulted. They were told that because of the delinquency of the other notes, that refinancing was necessary. The notes themselves are unequivocal that the signatures of the individual defendants are made in two capacities, first signing as officers of the corporation and as the act of the corporation, and next signing as individuals. The signatures as individuals appear just under the paragraph consisting of this one sentence, "Each of the undersigned hereby indorses and guarantees payment and performance of this Note and Chattel Mortgage and agrees to and accepts all of terms, covenants, conditions and provisions thereof," and on a line under which the words "Indorser/Guarantor" appear.

I conclude that Mr. Tamura did not breach his fiduciary duty as asserted in closing argument of defendants' counsel. Contrary to the circumstances that defendants assert, I find that Mr. Tamura did not entirely carry out the financial aspects of the corporation, but that substantial accounting, bookkeeping and financial matters were carried out at the office of Francisco T. Torre.

The individual defendants cannot avoid liability on the ground that Mr. Tamura failed to explicitly inform them of their individual liability.

The plaintiff is requested to submit a proposed judgment approved as to form or seen by defendants.